UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CLASSIC MEDIA, LLC,

                Plaintiff,                    11-cv-8394 (LAK)

       - against -

                                          ECF Case

J.G. WENTWORTH, LLC, and
KARLIN + PIMSLER, INC.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT J.G. WENTWORTH, LLC'S
<u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**


                                                          Reed Smith LLP
                                                 599 Lexington Avenue
                                              New York, New York 10022
                                                     (212) 521-5400

                                     Peter D. Raymond, Esq.
                                      Evan K. Farber, Esq.

                                  *Attorneys for Defendant*
                                   *J.G. Wentworth, LLC*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.   The First Claim, for Copyright Infringement, Should Be Dismissed ................................ 2

II.  The Second Claim, for Violation of the Lanham Act, Should Be Dismissed .................... 6

    A.  The Lanham Act Claim Is Duplicative of the Copyright Claim ............................. 6

    B.  The FAC Fails to Identify a Mark as the Basis of Its Lanham Act Claim ............. 8

III. The Remaining Claims, Alleging State Law Violations, Should Be Dismissed .............. 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

### Cases

*Arnold v. ABC, Inc.*,
  No. 06 Civ. 1747, 2007 WL 210330 (S.D.N.Y. Jan. 29, 2007) ............9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............9

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
  No. 02 Civ. 1164, 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) ............4

*Cole v. Allen*,
  3 F.R.D. 236 (S.D.N.Y. 1942) ............4

*Jacobs v. Carnival Corp.*,
  No. 06 Civ. 606, 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) ............2

*Kelly v. L.L. Cool J.*,
  145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994) ............3

*Kregos v. Associated Press*,
  937 F.2d 700 (2d Cir. 1991) ............6, 8

*Oliveira v. Frito-Lay, Inc.*,
  251 F.3d 56 (2d Cir. 2001) ............6

*Plunket v. Doyle*,
  No. 99 Civ. 11006, 2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) ............2

*Sharp v. Patterson*,
  No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ............2, 3, 4, 6

*Weber v. Geffen Records, Inc.*,
  63 F. Supp. 2d 458 (S.D.N.Y. 1999) ............6, 7

*Yurman Design, Inc. v. PAJ, Inc.*,
  262 F.3d 101 (2d Cir. 2001) ............9

### Statutes

15 U.S.C. § 1125(a)(1) ............9

Defendant J.G. Wentworth, LLC, by and through its attorneys, Reed Smith LLP, respectfully submits this Reply Memorandum of Law, pursuant to Fed. R. Civ. P. 12(b)(6), in further support of its motion to dismiss the First Amended Complaint dated February 2, 2012 of Plaintiff Classic Media, LLC for failure to plead a viable cause of action.[1]

## PRELIMINARY STATEMENT

Classic has now had three opportunities – in its initial Complaint, in its FAC, and in its opposition to Wentworth's motion to dismiss – to articulate what protectible elements of its copyrighted works Defendants allegedly infringed. It has failed to do so – because it cannot. Once the non-protectible elements are eliminated, the vague and casual descriptions are subjected to scrutiny, the hyperbole is set aside, and the law is considered, it is clear that Defendants did not infringe any protectible elements of Classic's works. Defendants did not use any footage from the *Lassie* shows, any music or dialogue from any of the *Lassie* shows, the names or images of Lassie or any of the other characters, or any other specific expressions that Classic's purported copyrights might cover. Indeed, as vividly demonstrated by the listing of 346 copyright registrations in Exhibit A to the FAC, even Classic's repeated references to its "familiar storyline" fall far short of alleging any specific protectible elements that Defendants could be charged with having copied.

Classic's Lanham Act claim is similarly deficient. First, the caselaw provides that a copyright claim may not be converted into a trademark claim, and that is precisely what Classic has attempted to do here. Second – and unsurprisingly, since the Lanham Act claim is no more than a repackaging of the copyright claim – the Lanham Act claim suffers from the same lack of

---

[1] Terms defined in Wentworth's memorandum of law in support of its motion to dismiss, dated March 12, 2012 ("Wentworth's Moving Brief" or "Wentworth Br."), or in Classic's opposition memorandum of law, dated April 9, 2012 ("Classic's Brief" or "Classic Br."), bear the same meaning herein.

specificity, and the same improper attempt to rely on unprotectible generalities to make up for that deficiency. Classic cannot define its mark any better than it can define the purportedly protectible elements of its copyrights, and, as such, its trademark claim must also fail.

Finally, Classic all but admits that its state law claims should be dismissed. It agrees with Wentworth that these claims should be dismissed if the trademark claim fails, and it does not oppose Wentworth's argument that they should be dismissed as duplicative, and as preempted by the Copyright Act, even if the first two claims remain. Accordingly, this aspect of Wentworth's motion is unopposed, and the third through sixth claims should be dismissed.

## ARGUMENT

### I. The First Claim, for Copyright Infringement, Should Be Dismissed

As Classic forthrightly acknowledges, a complaint is defective if it "makes indefinite allegations about the works at issue." Classic Br. 7-8. Classic argues, however, that its FAC is sufficient for three reasons. First, it contends that Exhibit A, listing 346 purported copyrights, narrows its claims sufficiently to permit Defendants to ascertain the allegations against them. Second, it contends that it need not identify the specific aspects of its copyrighted works which were allegedly infringed. Third, it contends that it does identify those aspects anyway. Classic is wrong on each count – and it also misses the underlying rationale for the specificity requirement: without specificity as to the particular elements allegedly infringed, Defendants have no notice of the claims and cannot defend against them.

As discussed in Wentworth's Moving Brief at 5, the law requires that a plaintiff allege copyright infringement with specificity so as "to provide defendants fair notice of the claims against them." *Jacobs v. Carnival Corp.*, No. 06 Civ. 606, 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009), quoting *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426, at *12

(S.D.N.Y. Nov. 3, 2004); *see also Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) ("The complaint must give fair notice of the claim asserted to allow defendant to answer and prepare for trial."). It is for this reason that the four *Kelly* elements by a plaintiff alleging copyright infringement must be met. *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994).

Here, the large number of works allegedly at issue and the vagueness of the FAC combine to afford Defendants with no notice of the specific elements of any work which are allegedly substantially similar to the Commercial. Defendants therefore have no ability, based on the pleadings, to defend themselves.[2] Classic claims that Exhibit A satisfies its specificity requirement because, in essence, "346 is not too many." But Classic can point to no case which has sustained a copyright claim based on anything close to the number of works as the FAC alleges here. *See* Classic Br. 7. Moreover, none of the cases Classic cites confronted the issue that is raised here: whether the substantial volume of works at issue, combined with the plaintiff's inability to cite to specific portions of any single work, renders the complaint impermissibly vague. *See* cases cited at Classic Br. 7. By contrast, courts which have considered this issue, even when confronting far fewer works than here (such as the 69 in *Sharp*), have dismissed the complaints, holding that "alleging a mass infringement" does not satisfy the "obligation to identify the . . . infringed works in a pleading." *Sharp*, 2004 WL 2480426, at *14.

More critically, Classic's assertion that it need not specify the protected *elements* of its

---

[2] While the FAC ambiguously refers to 1,200 copyrights related to *Lassie* and 1,000 copyrights related to television episodes of *Lassie*, *see* FAC ¶ 12, and lists 346 copyrights in Exhibit A, Classic's Brief purports to revise these allegations by admitting that "Classic Media has not sued upon all of the approximately 1,200 copyrighted 'Lassie' works that it owns, but only a specific subset of approximately 350 episodes," and that "Classic Media has not alleged that its claims go beyond the works identified on Exhibit A to the FAC." Classic Br. 9 n.11, 10. However, this modification does not solve the problem created by the lack of specificity.

works is plainly inaccurate. The law clearly provides that "the defendants are entitled to know what particular portions of the copyrighted work they are charged with having infringed." *Cole v. Allen*, 3 F.R.D. 236, 237 (S.D.N.Y. 1942); *see also, e.g., Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 Civ. 1164, 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003) (complaint alleging only one infringed musical track and only one infringing work nevertheless dismissed based, in part, on plaintiff's failure to allege that the defendant had "violated any of its alleged exclusive rights in its works"). The reason for this requirement is that, contrary to the assertion in Classic's Brief at 13, only the protectible elements of the allegedly infringed works may be considered, even at the pleadings stage. As *Sharp* held in granting a similar motion to dismiss:

> Where, as here, the works contain protectible and unprotectible elements, the Court must be more discerning in order to extract the unprotectible elements from our consideration and ask whether the *protectible elements, standing alone,* are substantially similar, because the plaintiff must show that the defendant appropriated the plaintiff's particular means of expressing an idea, not merely that he expressed the same idea.

2004 WL 2480426, at *13 (citations and annotations omitted; emphasis in original).

This is the essence of the problem with Classic's FAC. Despite its assertion, Classic does not, in fact, allege with specificity the protectible aspects of its works which it believes were infringed. In describing what it believes was infringed, Classic's Brief refers, first, to "the Lassie character, the many motion picture and television works in which that character appeared, the other key characters from the television series, and the television series' memorable and recurring storyline." Classic Br. 5. This statement is impermissibly vague, including in its references to the unspecified "many motion picture and television works" and the unspecified "other key characters." Classic again speaks of "the unique and protectible elements that are included in every 'Lassie' television episode [and] the 'Lassie'-themed story." *Id.* at 13. Yet Classic does not attempt to delimit what these "unique and protectible elements" actually are.

This deficiency is exemplified by Exhibit A to the FAC. Exhibit A *does* provide specifics regarding the storylines of the television episodes, to which Classic repeatedly refers as a cornerstone of its complaint. But as set forth in Wentworth's Moving Brief at 7, not a single one of the broad storylines in Exhibit A bears any resemblance to the storyline of the Commercial. On just the first page of the 40-page exhibit, the storylines refer to studying arithmetic, visiting the circus, a colt named "Domino," gun safety, a "flamboyant elderly traveling farm worker," "[a]n escaped convict," a "secret cave," "a hotly contested checker game," boys hiding in the woods, hunting rabbits with a bow and arrow, a lion, chest pains, and a grandfather who sneaks out after bedtime. Exhibit A at 1. The last page of Exhibit A contains storylines related to an injured Seeing Eye dog, a careless motorcyclist, renting a beehive, a skunk, bathing for a dog show, the 4H club, a hit-and-run, a hospital visit, an "'untrappable' wolf dog," "a naturalist banding birds," a tornado, and an injured raccoon. *Id.* at 40. Not a single one of these storyline elements is even remotely related to anything in the Commercial, nor does Classic even attempt to claim that they are. If there is *any* element of *any* of these storylines that in *any* way relates to the Commercial, Exhibit A fails to reference it.

Classic does not and cannot contend that it may assert copyright protection over the genre of dog rescue stories, the filming of a border collie, the theme of a boy seeking help from a dog, the rural settings that constitute *scenes a faire*, or any similarly generic concepts or tropes. *See* Classic Br. 12; *see also* cases cited at Wentworth Br. 8. Classic of course may be able to assert copyright protection over the name of the dog in a story (such as Lassie) or of a boy in the story (such as Timmy Martin), but there is no allegation that Defendants' Commercial contained any such named characters. Classic may similarly protect the music, script, and footage of its television episodes, but there is no allegation that Defendants used any of those, either. The

FAC appears to address only those very same thematic concepts and *scenes a faire* – such as a dog getting help for its distressed master – which are plainly unprotectible. As soon as the specifics of the stories in Exhibit A are addressed, it becomes clear that they diverge notably from the specifics in the Commercial. In sum, to the extent that Classic believes that Defendants have "appropriated the plaintiff's particular means of expressing an idea," *Sharp*, 2004 WL 2480426, at *13, the FAC utterly fails to identify with any specificity that particular means of expression.

## II.     The Second Claim, for Violation of the Lanham Act, Should Be Dismissed

### A.     The Lanham Act Claim Is Duplicative of the Copyright Claim

Classic acknowledges the key contours of the law as they relate to this aspect of Wentworth's motion: the Second Circuit has "reject[ed] attempt[s] to convert . . . copyright claims into Lanham Act violations," *Kregos v. Associated Press*, 937 F.2d 700, 711 (2d Cir. 1991); instead, "[f]or the Lanham Act to apply to a copyright-based claim," a plaintiff must "make a greater showing" – "analogous to . . . an extra element" – "that the designation of origin was false, was harmful, and stemmed from 'some affirmative act whereby [defendant] falsely represented itself as the owner.'" *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 463-64 (S.D.N.Y. 1999) (citations omitted), cited at Classic Br. 18.[3]

---

[3]  Wentworth's Moving Brief observed that the FAC appears to be asserting a claim only for false designation of origin and not a claim for false advertising. *See* Wentworth Br. 12-13 n.1. Classic's Brief does not dispute this understanding of the FAC, and as such the FAC should be read accordingly.

Classic also attempts to have it both ways by acknowledging the controlling language in *Kregos* and *Weber* but simultaneously arguing that its works can be protected by both copyright and trademark. In support of this position, Classic relies on *Oliveira v. Frito-Lay, Inc.*, 251 F.3d 56 (2d Cir. 2001), a case which *affirmed the dismissal* of a Lanham Act claim. In any event, the question here is not whether a work can be protected by both statutes, but whether a copyright claim dressed up as a trademark claim is properly pled.

Classic argues that the FAC should nevertheless survive because this case differs from those in which courts have dismissed Lanham Act cases as converted copyright claims. Classic claims that in *Kregos*, *Weber*, and the other cases relied upon in Wentworth's Moving Brief at 13-14, "the plaintiff's Lanham Act claim was based upon nothing more than that the defendant had published and distributed a work . . . and had claimed the work was its own." Classic Br. 19. By contrast, Classic argues, here "Defendants used Classic Media's copyrighted works in a manner that . . . associated Classic Media . . . with the Wentworth financial products advertised." *Id.* In other words, Classic attempts to distinguish its FAC by arguing that, unlike in cases where the defendants claimed that the protected works at issue belonged to them, here the Defendants simply gave the impression that the works at issue were "associated" with them. This distinction is the thinnest of reeds and cannot be a sufficient basis for sustaining the claim. Indeed, if anything, the argument should run in the opposite direction: If complaints are dismissed as duplicative where plaintiffs allege that defendants falsely misattributed ownership, then the weaker claim here, which merely alleges that defendants falsely misattributed "association," should be dismissed *a fortiori*.

Classic also argues that the FAC does allege the required "extra element" or "greater showing." *Weber*, 63 F. Supp. 2d at 463-64. Classic points to its allegations regarding secondary meaning and consumer confusion. Classic Br. 19-20, citing FAC ¶¶ 15, 34, 44. These additional allegations do not satisfy the requirement, however. As *Weber* articulates and Classic acknowledges, a plaintiff "must make a greater showing [of] some affirmative act" by the defendant. 63 F. Supp. 2d at 463. Classic does not and cannot make such a showing. Instead, Classic alleges the exact same set of actions by Defendants as the foundation of both its copyright and its Lanham Act claims.

Classic also refers to the exact same set of rights which it is seeking to protect, referring to "the Series, the Characters and the Property" in the context of its Lanham Act claim just as it does in the context of its copyright claim. Classic Br. 19; *cf.* FAC ¶¶ 4, 39 (copyright allegations referencing the "Characters," the "Series," and the "Property"). Indeed, the evolution from Classic's initial complaint, which alleged only a copyright claim, to its FAC, which adds the Lanham Act claim, demonstrates that this case is, at its core, a copyright action. The additional allegations regarding secondary meaning and consumer confusion, upon which Classic relies, *see* Classic Br. 19-20, citing FAC ¶¶ 15, 34, 44, address the alleged *impact*, from a trademark perspective, of Defendants' actions, but that is insufficient for purposes of the "extra element" requirement. Adding these allegations does not hide the fact that Classic is "attempt[ing] to convert [its] copyright claims into Lanham Act violations." *Kregos*, 937 F.2d at 711. Such an attempt should be rejected, and the Lanham Act claim should be dismissed.

B.  The FAC Fails to Identify a Mark as the Basis of Its Lanham Act Claim

As explained in Wentworth's Moving Brief at 15-18, Classic fails to identify with any precision the mark that forms the basis for its Lanham Act claim. In this regard, the Lanham Act claim mirrors the copyright claim – unsurprisingly, since the former is no more than a replication of the latter. Both are defective because neither can allege with any precision what rights were purportedly violated.

Classic responds by arguing, first, that it is not required to allege what its mark is, and second, that it does so anyway. Neither of these contentions is accurate.[4]

---

[4] Classic also argues that Defendants do not need or deserve to be informed of the allegations against them are because they "understood what elements from the 'Lassie' television series they wanted to include" when they purportedly sought a license from Classic, then "create[d] a commercial that adhered with great precision to the idea that K+P originally had." Classic Br. 20, 23. While Defendants here must accept the allegations of the FAC as true for the purposes of

Continued on following page

Classic asserts that it is not required to allege in its pleading what its mark is, arguing that Wentworth's Moving Brief relied only on *Iqbal*, *Twombly*, and trademark cases with procedural postures other than 12(b)(6) motions to dismiss. First and foremost, the Lanham Act itself clearly requires a mark. *See* 15 U.S.C. § 1125(a)(1) (requiring a "word, term, name, symbol, or device, or any combination thereof"). The caselaw, too, reflects that alleging a valid mark is required even at the pleadings stage. *See, e.g.*, *Arnold v. ABC, Inc.*, No. 06 Civ. 1747, 2007 WL 210330, at *2 (S.D.N.Y. Jan. 29, 2007) ("To state a claim for trademark infringement under section[] . . . 43(a) of the Lanham Act, plaintiff must allege facts which establish that her mark merits protection."). In each of the cases upon which Classic relies to the contrary, *see* Classic Br. 21, defendants did not challenge, and the Court did not address, whether or not the complaint sufficiently pled a protectible mark, which is the central question at issue here. Additionally, as Classic tacitly acknowledges, *see* Classic Br. 22, *Iqbal* and *Twombly* further support the proposition that a plaintiff must allege its elements with more than "naked assertion[s]," "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Finally, Classic asserts that the FAC does allege what mark is at issue. According to Classic's Brief, "the FAC clearly defines the 'marks' that Defendants are alleged to have infringed as including the 'Lassie' character itself; the Ruth and Timmy Martin characters; and the 'Lassie' television series' famous and memorable recurring storyline." Classic Br. 23. It is questionable whether this statement is an accurate description of the FAC, since the FAC refers

---

Continued from previous page
this motion, they certainly do not agree with Classic's characterization of the facts. More fundamentally, however, the notion that a defendant's alleged wrongdoing somehow excuses a plaintiff from informing him of the specific factual allegations against him is circular, contrary to the dictates of *Iqbal* and *Twombly*, and offensive to American notions of justice.

only to "Lassie" as a mark, FAC ¶ 13, but contains other confusing allegations, as described in Wentworth's Moving Brief at 17-18. But even assuming that Classic can cure its pleading deficiencies through its brief, this statement still exemplifies the problem. The Commercial contains no character named Lassie, Ruth Martin or Timmy Martin. Further, just like with the copyright claim, Exhibit A to the FAC demonstrates the shortcomings of averting to a "famous and memorable recurring storyline." Classic is relying on the generic notion of a dog, a child and a mother involved in a dog rescue story. But if these elements are too generic to serve as the basis for a copyright claim, they are likewise too generic to serve as the basis for a Lanham Act claim. *See* cases cited at Wentworth Br. 17-18. Classic's Lanham Act count fails to allege a specific, non-generic mark, and accordingly should be dismissed.

### III.   The Remaining Claims, Alleging State Law Violations, Should Be Dismissed

Classic agrees that, if its Lanham Act claims fail, then its state law claims – the third through sixth claims in the FAC – must fail as well. Classic Br. 24. Classic argues, however, that "the converse is also true," and if its Lanham Act claim survives, then its remaining claims should survive as well. *Id.* But Classic cites no authority whatsoever for that assertion, and it ignores the cases Wentworth cites holding that claims for common law trademark infringement, common law unfair competition, N.Y. Gen. Bus. Law § 349, and unjust enrichment should all be dismissed for several reasons, most prominently because they are duplicative of, and preempted by, the copyright claim. *See* Wentworth Br. 19-22. In the absence of any opposition to these prongs of Wentworth's motion, claims three through six of the FAC should be dismissed.

### CONCLUSION

The FAC should be dismissed for the reasons described above and in Wentworth's Moving Brief, along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 26, 2012

                    **REED SMITH LLP**

                    By: _/s/ Evan K. Farber_
                         Peter D. Raymond (PR-3029)
                         Evan K. Farber (EF-1049)

                         599 Lexington Avenue
                         New York, New York 10022
                         Telephone: (212) 521-5400
                         Facsimile: (212-521-5450

                         *Attorneys for Defendant*
                         *J.G. Wentworth, LLC*